United States District Court
Southern District of Texas
**ENTERED**
June 04, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EMAMUL HOSAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-04166 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

**ORDER**

Before the Court is Petitioner Emamul Hosan's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss and for Summary Judgment.

## I.   BACKGROUND

The parties do not dispute the following facts. Petitioner Emamul Hosan is a citizen of Bangladesh who entered the United States without inspection in on May 23, 2025. ECF No. 5 at 2. Immediately upon his arrival, Petitioner was taken into immigration custody. *Id.* He has been in custody since that date without an individualized bond determination. *Id.*

On May 24, 2025, Petitioner was issued a Notice of and Order Expedited Removal. *Id.* After Petitioner expressed a fear of torture, he was referred to USCIS for an assessment pursuant to the Convention Against Torture. *Id.* He was subsequently placed in removal proceedings. *Id.* at

1 / 5

3. Petitioner filed an application for asylum, which was denied on October 24, 2025. *Id.* He has appealed that decision to the Board of Immigration Appeals. *Id.*

## II.    ANALYSIS

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner. The Court does not reach, and therefore does not address, the additional reasons why Petitioner believes his continued detention is unlawful.

The Court recently addressed a similar set of facts in *Salvador Rodriguez v. Frink*, --- F.Supp.3d ----, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission."[1] *Id.*

## III.    REMEDY

---

[1] Respondents urge this Court to adopt the substantive due process analysis set forth *Washington v. Glucksberg*, 521 U.S. 702 (1997). *See* ECF No. 5 at 12. The Court previously declined to apply rational basis review to mandatory detention cases and sees no reason to depart from its earlier approach here. *See Salvador Rodriguez*, 2026 WL 709487 at *4.

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

In this case, Petitioner has been deprived of his liberty in violation of the Due Process Clause for more than twelve months. Given the severity of this ongoing unconstitutional deprivation, the Court concludes that immediate release from custody is required. The Court joins other courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours.

2. Respondents must release Petitioner in a public place within the Southern District of Texas and must notify his counsel of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. If Respondents seek to re-detain Petitioner during the pendency of his removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to conditions of release beyond reasonable reporting requirements without notice and a hearing at which the government bears the burden of showing why such conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before June 8, 2026**, informing the Court of the status of Petitioner's release and Respondents' compliance with the notification and return of personal property requirements outlined above.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before June 19, 2026.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on June 4, 2026.

_____

Keith P. Ellison
United States District Judge